IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

GREGORY ANDRE COLEMAN,                                       PLAINTIFF
Reg. # 35489-001

v.                               2:22CV00080-BSM-JTK

YATES                                                                 DEFENDANT

**ORDER**

Gregory Andre Coleman ("Plaintiff") is in custody at Forrest City Low Correctional Institution ("FCI-Forrest City"). (Doc. No. 1). Plaintiff sued FCI—Forrest City Warden Yates alleging deliberate indifference to his serious medical needs. (Id.). Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 8, 9).

**I.    Screening**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. Plaintiff's Complaint

Plaintiff sued FCI-Forrest City Warden Yates alleging violations of his federally protected rights. (Doc. No. 1). Plaintiff says he has a history of medical problems in connection with an earlier gunshot. (Id. at 7). In documents attached to Plaintiff's Complaint, he says he is "unable to receive the proper medical treatment [he] requires in order to keep [his] leg from being amputated." (Id. at 11). Plaintiff believes he is not receiving "appropriate chronic care for a serious medical condition that the BOP is well informed about." (Id. at 17).

## III. Discussion

Defendant Yates is a federal actor, which means Plaintiff's claims for deliberate indifference to serious medical needs fall under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics. 403 U.S. 388 (1971). "[A] Bivens action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983." Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006). A claim under Bivens is the same as an action under 42 U.S.C. § 1983, "except that the former is maintained against federal officials while the latter is against state officials." Sanchez v. U.S., 49 F.3d 1329, 1330 (8th Cir. 1995) (per curiam). Generally, case law analyzing 42 U.S.C. § 1983 claims applies to Bivens cases. See Ibrahim v. United States, 868 F. Supp. 2d 27, 30 (E.D.N.Y. 2012).

### A. Plaintiff's Deliberate Indifference to Serious Medical Needs Claim May Proceed Under Bivens.

In determining whether Plaintiff's allegations may proceed under Bivens, the first question is whether his case is "the type for which a *Bivens* remedy is available." Farah v. Weyker, 926 F.3d 492, 497 (8th Cir. 2019). The United States Supreme Court has recognized an implied cause of action under Bivens on only three occasions. (Id. at 497-98). The three cases in which the Supreme Court recognized a Bivens claim included: the ground-breaking Bivens case itself, 403 U.S. 388 (allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment); Carlson v. Green, 446 U.S. 14 (1980) (failure to treat prisoner's asthma in violation of the Eighth Amendment); and Davis v. Passman, 442 U.S. 228 (1979) (sex discrimination in violation of Fifth Amendment due process rights).

In a more recent case, the Supreme Court warned that while "*Bivens* is well-settled law in its own context . . . expanding the *Bivens* remedy is now a 'disfavored' judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017). Indeed, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants . . . ." Id. (internal citation omitted). "[F]or almost 40 years, [the Supreme Court] [has] . . . rebuffed requests to add to the claims allowed under *Bivens*." Hernandez v. Mesa, 140 S. Ct. 735, 743 (2020). Instead, "private rights of action to enforce federal law must be created by Congress." Id. at 742 (internal citation omitted).

Courts now undertake a two-step analysis to determine if an implied cause of action under Bivens exists. Farah, 926 F.3d at 498. The first step is to ascertain whether the case presents "one of 'the three Bivens claims the [Supreme] Court has approved in the past' or whether, instead, allowing the plaintiffs to sue would require us to extend Bivens to a new 'context.'" Id. If the

3

claim presented is not one that has been previously recognized, courts consider whether "special factors counsel[] hesitation" in extending Bivens to the claims at hand. Id.

Plaintiff alleges he was denied proper medical care. A plaintiff may pursue a deliberate indifference to serious medical needs claim in a Bivens action. See Carlson v. Green, 446 U.S. 14 (1980).

### B.    Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. This prohibition gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration." Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

"Liability under [Bivens] requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . [Bivens] suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

In his Complaint (Doc. No. 1), Plaintiff does not explain specifically who was deliberately indifferent to his serious medical needs or how. Rather, Plaintiff appears to sue Defendant Yates based on his position as the Warden. Nothing in Plaintiff's Complaint indicates Warden Yates knew of Plaintiff's serious medical needs, but ignored those needs. As set out above, vicarious liability is not applicable in a Bivens action. As such, Plaintiff's Complaint fails to state a claim on which relief may be granted.

Plaintiff will be given a chance to amend his Complaint to cure the defects in his pleading. If Plaintiff wishes to pursue his deliberate indifference to serious medical needs claims, he must identify who knew about his serious medical needs and how each individual had that knowledge. He must also explain how each individual ignored his serious medical needs.

The Court notes that Plaintiff has sought compassionate release. (Doc. No. 1 at 18). The Court cannot grant release in this Bivens action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

**C.     Superseding Amended Complaint**

Plaintiff may amend his pleadings to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all

Defendants he is suing.  Plaintiff is cautioned that an Amended Complaint renders his earlier Complaint without legal effect.[1]  Only claims properly set out in the Amended Complaint will be allowed to proceed.  Therefore, Plaintiff's Amended Complaint should:  **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;  3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each Defendant's actions harmed him personally; 6) explain the relief he seeks; and  7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his original Complaint be dismissed.  See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

**IV.    Conclusion**

IT IS, THEREFORE, ORDERED that:

1.    If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.  If Plaintiff does not submit an Amended Complaint, I will recommend that his original Complaint be dismissed.  See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2.    The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

IT IS SO ORDERED this 31st day of March, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE